Council first case up this morning is 418 0 1 1 2 entering marriage of Van Hoveln is that pronounced correctly? No one's is turning Gina would you are she the happily is turning David McCarthy you are he's What you may proceed? Please support council council. Thank you for the opportunity for allowing us to appear before you and present our arguments today I think it's important to start out with timeline which is Uncontradicted in this case is to help matters progressed from the time the petitioner I believe filed her petition for dissolution in marriage until the time the maintenance order in question was entered Petitioner filed for petition for dissolution of marriage on August 10th of 2012 She filed her petition for temporary relief Requesting temporary maintenance eight months later on April 3rd 2013 the court reserved the issue of maintenance in an order dated June 6 of 2013 the party's divorced on September 25th A marital settlement agreement was entered and accepted by the court on February 7th of 2017 Five and a half years later after the parties were divorced after the property had been divided and Allocated between the parties the parties appear before the trial court in reference to the reserved maintenance And at that time as this court is aware the trial court ordered four years of maintenance from August 10th of 2012 until August 1st of 2016 tolling $73,760 owing from the respondent Appalachian the petitioner happily now There are two bases as you are aware that we believe serve as rationale for Finding that the trial court have used its discretion in entering that order The first is that the order is in contravention of case law that specifically states that if a party who seeks maintenance Cohabits before maintenance is awarded the award should be denied and there should be no distinction Between whether a payors obligation is terminated before it ripens or after maintenance is awarded That's the kind of decision the temporary maintenance been awarded in this case for instance Pending further proceedings, which I must say is kind of the norm isn't it you do this an awful lot I? Don't understand how five years goes by and nothing happens, but let's assume it did happen And then conjugal cohabitation occurs The temporary maintenance would cease by operational statute would it not yes But there's no reason why the temporary maintenance that had been ordered and paid prior to that would somehow be reimbursed back Well no, no I understand. I'm just asking you hypothetically because I don't understand If maintenance was properly doing owing Why would the fact that the conjugal cohabitation occurred at point X Affect what was appropriately doing owing before point X Well, but that's not my question, I'm just Hypothetically speaking have that been the situation yes in fact it wouldn't affect there would be no claim that the maintenance that had been paid Up to that point should be paid back Correct however, and but in this case the difference is for whatever reason Temporary maintenance was never ordered Correct Does the record show why that is it does not? There were 27 court of cases before this trial judge and not a single appearance did the petitioner request to have a hearing on? The maintenance she simply asked to be reserved So what five years for five and a half years? That's so peculiar It's very peculiar and what it in essence ended up doing is because it was you know temporary relief as I? Spoke to in our brief is meant to provide a short-term remedy for individuals during the pendency of their litigation our legislature Recognizes as to our courts that some litigants cannot wait until the final result to get some help and with maintenance It's meant to provide economic parity in certain circumstances Which can be in the form of temporary spousal support, or it could be in the one party paying the lion's share of the party's expenses Short-term and it's meant to provide parity what happened in this case is that when the court awards essentially a four-year retroactive Award a year and a half after the parties are divorced and after their property is distributed The respondents paying temporary maintenance not from the marital pile of money That's designed to be allocated if found appropriate during the pendency of the case where someone doesn't have control of the lion's share that He had to pay it out of his non marital state that $73,000 comes out of his non marital state, and that's not what temporary relief is designed to do So if the petitioner in this case Believed that she needed some help that her ex-husband made more money than she did she wasn't able to meet her needs she needed some Assistance for that she needed to present that before the court you can't do it after the fact Counsel was there ever any indication of what type of maintenance this was even supposed to be the court doesn't say But given the time frame that covers from data filing until date of conjugal Qualification which was during the pendency of the case it had to have been temporary It wasn't marked as rehabilitative maintenance nothing about maintenance and gross It wasn't framed as that in fact It isn't maintenance and gross because it is going to be passed deductible to pay or if in fact it is required to be paid So Our position first is when you wait And you don't make this request and a terminating event occurs prior to the award being made or the obligation Ripening it's gone. Is this like a latches argument in essence, but I think by operation of law It's gone. I don't think we need to get to latches because it but in essence in equity It also makes sense because how can parties plan the distribution of their estate and manage affairs? If they don't know what an obligation that was meant to be temporary will be until after they divide their state also The district courts have held five years and six years are too long for a reservation of maintenance, and I've cited to those cases It's too long and that makes sense because it is meant to be remedial short-term assistance I'd also note in this case evidently even if there had been a temporary relief We don't know that temporary relief would have been ordered we don't know that Secondly we do know that neither party made a claim of dissipation in this case Evidently the marital estate was preserved properly before it was distributed between the parties And so even had there been a temporary relief hearing the only thing this trial court noted was a disparity between the parties Income there was no mention of need in fact at trial the petitioner admitted She did not incur substantial debt during the litigation No, and she in fact paid down substantial debt She said that she had to use her savings and that she had to use she incurred credit card debt But when looking at the financial affidavits, I don't notice any significant Change in savings accounts listed nor do I notice any change in credit card debt? $150 a month throughout the entire period of time was there an effort by trial counsel? to Ask her to verify The claim that she was making because it doesn't look like anybody ever said well Where is that in the record it appears that the respondents attorney did take issue during the trial with the fact that there was not? evidence to support Petitioners claim that she had Accumulated debt because she needed help from her spouse that she wasn't receiving or that she depleted savings There's no evidence in that regard trial courts comment really Bases the award on those two things that she said she had used her savings and that she had incurred credit card debt You're correct, but the record does not reflect that in the documents presented. We didn't see credit card statement showing Balances accruing we didn't show C bank statements that showed assets being Or excuse me lost or used in fact if you look at the financial affidavit that was presented to the trial court at trial The petitioner in this case had a very small deficit in fact $400 of her $374 deficit were for vacations and entertainment now I granted people get to spend money on those things She had a very small deficit no deficit if we took out those more luxury discretionary expenses wherein the respondent had a substantial deficit And the argument at trial is that he was paying Substantially more debt which was a good thing the petitioner benefited from that because that preserved the assets that were to be distributed Equitably between the parties ultimately pursuant to their their final resolution so those two Basics the fact that The districts appear to be stating that once a terminating event occurs We don't get to make our claim it cannot be revived and the terminating event occurred in August of 2016 from that point on no maintenance in order and secondly To go back in time even if this court were to reject that basis to go back in time and in essence order a temporary Award it was never put before the court was never made, right? It was never addressed for the purpose of temporary relief and Have that then in essence paid from a party's non-marital portion of the division of assets liabilities is also an abuse of discretion but lastly our third point If this court were to find that it's appropriate to order maintenance after conjugal Convocation or that this temporary award was appropriate the court we believe also Improperly imputed income to the respondent in this case as we know he involuntarily lost his job in 2014 There was Reference made by the trial court to the bloom decision the decision we all rely upon for trying to determine whether an imputation of income is appropriate one that the payor Is the payor Voluntarily underemployed or unemployed trial court specifically in this case found that wasn't the situation with this responding Second is the payor attempting to evade his obligation again the trial court specifically found that didn't apply The trial court relied on the third factor the payor has unreasonably failed to take advantage of employment opportunities He really the trial court. I mean proper appears to say that by not staying on that job That is failing to take advantage of employment as opposed to the cases. We seem to indicate It's something that happens in the future is the opportunity for a job Your job for whatever reasons already been terminated. There's an opportunity and you pass it up, right? so to not find that this was a bad faith involuntary termination for unreasonably being unemployed or underemployed or failing to Continue to work to avoid a support obligation and we just work look to that third factor I agree your honor that factor seems to apply based upon the Published case law to future situations for example in the Evan Hoff Thomasette case 2016 first district has been admitted waiting to Find new employment until the dissolution action was over We wanted to know what the results were before we found a new job in hubs the court imputed income Wherein there was evidence that has been rejected a job offer for graded pay in the Gosney case the court did not impute income on the payor had not been offered a Job to match his prior salary and a job search to seek that position would have been fruitless in this case It appears that the trial court believed to respond it made all the efforts He possibly could to try and regain his position as a police officer went through those channels There was no finding that he was avoiding finding Appropriate new employment in fact he started a business and was earning income and also was evidently maintaining the mayoral estate Because bills were paid bills were paid and this estate was ultimately distributed between the parties in an equitable fashion and so using old income That's not based on current income and not finding appropriate basis in order to impute income to the respondent Was So for these reasons we'd ask let me ask about this the last point you made it seems to me Judgment called by the trial judge in this case which could have concluded that His loss of a job was under the circumstances not good fit but He seemed to conclude no that it wasn't good faith he wasn't trying to avoid any requirements, but Given his conclusion that it was not in bad faith, then I'm wondering how The imputation issue Can then be used by the court because these seem to be exclusive positions Great it was that argued to the court say wait a second judge if you're saying that He wasn't acting in bad faith when he lost his job then the imputation Which is based upon bad faith That is ah you aren't in good faith taking jobs. You could have taken to gain income This seems to me to be A Mutually exclusive positions, I'm wondering if the argument to the trial of court and if the court explained Why it was doing what it was doing? the trial court took the Case under advisement and issued a written order so there wasn't any argument Following what the court decided but the respondent did argue that his termination was of no fault of his own that he'd applied for and obtained unemployment benefits and because Temporary maintenance was never ordered. He didn't have an opportunity to go back and then modify What now is put in place after the fact I? Don't know that anyone anticipated the court was planning to impute income So was it requested by? Lawyer for Does it pronounce curia it appears? Was requested by her and that the respondent's response was He can't I was terminated through no fault of my own. I don't have that Retroactive maintenance ever even Anybody before that final hearing no I didn't see a pleading or Any indication that there was ever a reference to retroact me before they appeared for that hearing that day, right? The only pleading is temporarily pleading filed in 2013 and then the 6 6 13 order reserving maintenance Okay, thank you. Thank you so much. You have an opportunity to address us again in rebuttal mr.. McCartney may proceed, sir I Was in fact the trial attorney for mr.. Van Hovland Can you solve the mystery of how I'm gonna try okay? But miss would just stated as far as the timeline is of course accurate is reflected by the court file In the beginning what happened was mr. Van Hovland was employed as a Bloomington police officer earning a substantial income as high as $92,000 in one year Low end was in the 70s and my client was always employed by all night Western University in a clerical position making around $30,000 so When the petition was filed? Temporary maintenance was in fact requested mr. Van Hovland represented himself early on in the case And he and I with my client in fact met at the Woodford County Courthouse on occasion to try to resolve the case and so for a while things just kind of proceeded on a Semi amicable kind of basis to try to get things resolved when that broke down then he hired his trial attorney mr. And we then went through the process of discovery and trying to Come to a reasonable resolution of the case what happened was Mr.. Van Hovland is reflected by the court its decision Was terminated from his employment as a police officer by the state of Bloomington. I asked a factual question about yes It wasn't clear and the arbitrators award talks about him being a 18 or 19 and a half year veteran, but the dates you see look more like he's a 29 and a half I believe that away from retirement. I believe that's incorrect. I think it's more like 18 or 18. Okay good to clarify And so if there were two children involved one was a one was an adult at the time and one was a Children at one point The daughter we had quite a to do with judge feeding about whether the daughter was going to stay with mom We're with dad and in camera interviews and for a short time the child went with dad and so the maintenance maintenance was continuously reserved throughout the case and child support Went away because the child went to stay with a father Then what happened was a temporary child support Yes, it was there was a court order entered by judge Christian which required mr. Van Houtman to pay temporary counselor I'm sorry, who was the judge who answered it judge Christian? Okay, and he was succeeded by judge Feeney then who had the case for the rest of the time and so What happened then was? Mr. Van Houtman In his capacity as a police officer Was Terminated for improperly writing parking tickets And the judge Feeney who wrote the opinion deals with that rather extensively and Basically finds on the issue of the imputed income on page 10 of his opinion He goes in great detail as to why he believes that Mr. Van Houtman's having lost his position In fact constituted the third factor and it is basically failure to take advantage of a employment opportunity no court has ever held the Income applies to the lost job before hasn't I? Honestly, I'm not I'm not aware of that. I can't I can't I can't answer that. It's just failed opportunities You have available, and if you'd taken it you'd have income of X dollars, and we're going to impute it to you because In the lack of good faith you didn't take this Well, we've all seen cases like that. They're not that often, but they concur but I've never seen anything where the imputed income was Attributed to the job you lost and the other problem, but as I mentioned this would it seems to be inconsistent With his five trial court's finding of essentially good faith the officers part Good faith that attempt to retain his well to There are some cases Where people either quit or engage in behavior to be fired from their job yep in a snip I'm not gonna be paying this money, and yeah Don't find that at all. No, that's not maybe it could have been but there wasn't but I agree with you That's that's not what this is and again the court In its in its decision address that issue, and he didn't know he didn't find it, but it answered your question earlier Was there a request for? Finding that imputed income was appropriate answers of course I made that request Early on in the court advised everybody that that was going to be something that would be considered and case law was submitted to him before or after the trial court found that there was no bad faith and No, there was never an order entered until the until the order entered, but just be on January 24th of 18th There was no order entered on the maintenance issue other than reserving maintenance you argued Did you not that his loss of job was in bad faith? Well I Argued that he had a good solid well-paying job that he had the control over the ability to maintain And to continue to make the kind of money. He was making before and because of his own Arrogance is the word I'm going to use his own arrogance and decision that he was going to do what he was going to do Irrespective of what the policies of the police department were he lost that job may I ask another factual question yes? Because yeah, we didn't get the entire arbitrators Decision I think you're somebody attached the last page of it. They'd reference some of the facts. Yes, and from the record it seemed like There was some policy or something with the police department about writing Tickets that he disagreed with yes It had something to do with the tickets that were supposed to be written if there was a vehicular Accident that somebody was supposed to get a ticket That's true honestly your honor. I can't I can't tell you I was not part of that arbitration process not none of us were All I can tell you is that he was terminated for failure to comply with What I'm trying to get at is is it appears from? What parts of the record we had with regard to the police action? There was either some policy change or something that must have happened because he's been on the department for 18 and a half years he's four months away from full pension and He's being told he has to write certain tickets He disagrees with writing those tickets, and then what he apparently does is he writes the tickets? But then he doesn't either actually give them to the people or he doesn't submit them for prosecution I'll be absolutely honest with you. I don't know the answer that question. I don't So that's and the court and again. I'll just very briefly read to you. What what judge feeney Connors in his opinion? The third factor the one we're talking about expressly describes the situation in this case He had a clear continuing employment opportunity from which he earned a substantial income Would continue to earn substantial income even if his income declined in order to realize this continuing opportunity Merely had to follow the lawful directives of his superiors and to otherwise conduct themselves in court for the law Do not take such ordinary and basic actions certainly unreasonable as such the imputation of income is appropriate Income at that level in comparison with petitioners income throughout the marriage supports an award of maintenance. That's the court's So that's the best I can do as far as answering your question now Is this a maintenance case? You know get back to the to the issue about the cohabitation just a moment, but is this a maintenance case? I think clearly it is The length of the marriage 20 years plus and the fact that my client was earning Plus or minus the third of what mr.. Van Hoeven was earning in the court it went into great detail in going through the to the maintenance factors and Found that maintenance was in fact appropriate based primarily upon the income differential and the length of the merit by delaying this decision It would seem that from the record by the time this thing went to the final hearing In reality she was making At least by the end of 16. She was making more than he was and I get Truth what your honor says and what we all need to understand here is the reason maintenance was never Presented as an issue while this case was pending was because he lost his job. He had minimal income We didn't know where this was all going we were hoping that he would in fact get his job reinstated And then clearly my client would have a legitimate maintenance claim long term But as mr.. Wood pointed out he did somehow maintain the marital debt throughout that well again As I would say that's accurate So and then started up his own business He did which operated at a loss for a couple years he did and then appears to finally started taking off after that But if income is going to be imputed Then it can be imputed early on I Understand you you were waiting right and in part I'm sure that was an effort to accommodate both sides it was try to work it out it was but if computed income is to be a factor in this case and the Respondents own behavior in Losing his job is a real issue then and one that Judge Feeney accepted The earlier maintenance is awarded the better off your client is and the easier it is to Divide property, but mr.. Van Holen had no income at that time So he didn't come to impute income doing no I'm saying is it had the court imputed income was nothing paid for he had no maintenance accrues Doesn't it it? Absolutely, and that's what the judge did in this case you accrued on a retroactive basis What's the difference between occurring and retroactively and occurring it as time goes by I? Your honor raises the point, and I really can't answer that so all I'm saying is that at the time It appeared the most sensible reasonable way to handle this case was to Hope we all hope that mr. Van Holen would in fact get his job back and at that time things would be much easier much better for all of us Didn't happen and so the court then did what it did went back retroactively and and ordered it for The period of time that I'm on in the seventy three thousand dollars now the last but the last point I want to make is The statute and we're talking by will force see specifically reads Obligation to pay future maintenance future maintenance is terminated upon the death of either party Or the remarriage of the party receiving maintenance or if the party receiving maintenance cohabits Etc a payors obligation to pay maintenance or unallocated maintenance terminates by operation of law on the date the recipient Remarries or the date the court finds cohabitation began so August of 2016 there is no claim for maintenance going forward from that time. It was simply based upon the fact that based on what his income was as computed by the court during this period of time was the basis for the maintenance order and if you take the Coordinated into and take that for that period of time that gets seventy three thousand dollars and so that's basically where I Guess you kind of had to be there. This is an unusual case I don't know. There's anything quite like this in the history of I Didn't decide any I didn't find a case in order to counsel. It's it's unusual But it is what it is and we're you know, we're playing the best hand we can here. So My position is it clearly? Judge Pini heard the case at length and He did not abuse his discretion he did Based upon all the factors and again, there's a very lengthy 17-page opinion here where his honor went to great length to analyze the issues and come up with his his order and so my position is that the maintenance order is valid legitimate and Is not a violation of the standard of the courts Discretion so Your honors have other questions, I'd be happy to try to answer them, but that's basically what my position wasn't it Thank you counsel. I see none. Thank you very much Justice connects question that is Huge problem in this case is that things that should have been done in a timely fashion were not done. I Respect when parties want to wait some time to see if they can work through issues or circumstances will change But the respondent in this case lost his job in 2014 and the trial was in December of Or the party's divorce before they divided their assets liabilities and based on passive circumstances that were right at the time not That's what temporary relief is meant to be and I disagree respectfully with counsel that there isn't a case on point with this I think tool and Klein are They stay unequivocally When you commence cohabitation, we don't get to revive maintenance We can't even commence cohabitation and then terminate You don't think that the retroactivity of the order saves that I do not Because it's for this case states if it occurs before But I'm wondering what that language means ordered as in future versus ordered You know in the law is one of the few places where we can engage in fictions like this where we go back in time And here they're saying ordered for future purposes. Does that really apply though if it's ordered solely retroactive? I Believe I understand the question because I thought of that as well when it says If it occurs before maintenance is ordered I think the idea is meant to be that if there's a request for scholarship support We need to make it so that if there's a terminating event it can be terminated We don't go back in time and ask for old relief That should have been and could have been addressed in a timely fashion child support was addressed in this case hearing plans were addressed in this case assets and liabilities were And the petitioner then says at the very end Why don't I make this request because what does she have to lose? Why not? And is asking for remedial tendency litigation relief after the case is over Which again is I'm sounding like a broken record here But results in the respondent paying a temporary award from his non-marital estate rather than doing what the statute's designed to do The husband and wife have a pool of income and assets and liabilities One party has control over the Brian share of that and somebody needs help we can give you help. It's temporary It's not prejudicial to the final outcome We're going to allow some parity and equity until we get this thing resolved that never happened never never happened and It didn't allow there to be an analysis of other things the court didn't consider If we looked at that for your time frame, let's just look at that for your time frame who was paying all of the marital Was there a need for spousal support at all were her needs not being met? My reading of the court's order as the court looked at really There was disparity in income if we impute old income to the respondent there was disparity in income He made more it was a long-term marriage didn't talk about her needs other than a statement that she said Exhausted savings and ran out credit card debt. There's no evidence in the record that supports that Thank you